## Schade, etc., v. Fox et ux.

*Carroll Caruthers*, for plaintiff.

*James N. Gregg* and *Albert M. Nichols*, for defendants.

BAUER, J., June 27, 1955.—This case came on for argument on a special date set by Judge Bauer at the instance of counsel for the parties. After briefs had been filed and the matter was ready for disposition

counsel then had the case placed on the argument list of the court en banc.

This case was duly argued and is now ready for disposition.

Defendants, James D. Fox and Helene S. Fox, his wife, executed an ordinary Pennsylvania judgment note payable to the order of C. T. Schade. On the back of the note is the usual form of assignment, with a confession of judgment. Apparently Fox and his wife also signed the assignment. However, their signatures had been scratched over by pen lines. There is nothing on the record to show when these lines were made over their signatures. C. T. Schade endorsed the note and discounted the same at the Irwin Savings and Trust Company. On March 9, 1955, judgment was confessed by C. T. Schade, now for use of the Irwin Savings and Trust Company, against James D. and Helene S. Fox, by virtue of the warrant of attorney on the face of the note.

Defendants filed a motion to strike off the judgment, alleging the following:

1. At the above term and number, a judgment in the amount of $16,275 was entered against defendants by Irwin Savings and Trust Company, use plaintiff, with interest from May 7, 1954, of which amount the sum of $775 was attorneys' commission of five percent, and which judgment was confessed upon the principal amount of the alleged debt of $15,500, allegedly pursuant to a warrant of attorney.

2. The judgment is void and the authority to enter the same against defendants alone is void for the following reasons:

(a) The judgment is entered upon a promissory note with judgment clause therein dated November 6, 1953, drawn to the order of C. T. Schade.

(b) After the note had been made, and delivered, at some time not disclosed by the note itself, defend-

ants and C. T. Schade assigned the note to use plaintiff, by a writing, prepared by use plaintiff, and printed on the reverse of the note, which assignment contained a provision for the confession of judgment against defendants and C. T. Schade, jointly.

(c) The effect of the power of attorney to confess judgment, printed on the reverse of the note and signed by defendants and C. T. Schade, was to supersede, revoke, annul and make void the power of attorney on the obverse of the note to confess judgment alone against defendants.

(d) Defendants are now unable in this proceeding to assert against C. T. Schade, singly and jointly with the use plaintiff any defense to the note which they have against use plaintiff and/or C. T. Schade, singly and jointly, by reason of the election of the use plaintiff to proceed solely against defendants.

(e) The attorney who confessed judgment on the note against defendants had no authority therefor, and exceeded his authority in confessing judgment against defendants for the reasons above stated.

(f) At January term, 1955, no. 117, ex. docket, the use plaintiff has issued a fi. fa. to collect the amount of the debt alleged to be secured by the judgment note above referred to; and defendants will be irreparably damaged if execution is proceeded with thereon.

Subsequently defendants filed a supplemental motion to strike off and vacate the judgment, for the following reasons:

(g) It appearing that the names of defendants, James D. and Helene V. Fox, have been struck off the assignment, guaranty and confession of judgment on the reverse of the note before entry, the entire instrument on the reverse of the note is invalid and no judgment could be legally entered except pursuant to the authority contained on the face of the note, and

the authority to enter the judgment extended no further than to have entered judgment in favor of C. T. Schade as against defendants.

(h) The instrument on the reverse of the note was single and entire and there was no authority in plaintiff or its lawyer to accept the assignment and guaranty and disregard the warranty of attorney to confess judgment.

(i) The assignment, guaranty and confession of judgment on reverse of the note was a joint transaction and not joint and several, and capable of being exercised only against all three signers.

(j) No authority appears in the papers for the excision for names of James D. and Helene V. Fox on the reverse of the note.

(k) Under the Rules of Civil Procedure, the action should have been brought in the name of real plaintiff only.

After the matter was before the court en banc, counsel for the Irwin Savings and Trust Company moved the court to amend, which motion is as follows:

And now comes plaintiff, Irwin Savings and Trust Company and moves to amend the record in the above cause, by eliminating from the record the words "C. T. Schade now for use of" so that the record should be "Irwin Savings and Trust Company v. James D. Fox and Helene V. Fox" and the entire record amended accordingly.

Under the circumstances now before the court it is apparent that the motion to amend should be granted, and that the motion to strike the judgment cannot be sustained. For this authority we cite the recent case of Miller et ux. (to use, Appellant) v. Michael Morris, Inc., et al., 361 Pa. 113, 117, 118, as follows:

"Under Rule 2002 of the Rules of Civil Procedure, the judgment should have been entered in the name of the real party in interest, the Darling McKeesport

Corporation. This rule is mandatory and the lower courts have properly enforced this rule in many instances. Under the circumstances of this case, however, *the Court below properly permitted the 'amendment to the pleadings to conform with the provisions of this rule'*. We will treat it as if it was amended and as if the judgment was so entered."

See also the case of Smith et ux. v. Goodhart et ux., 74 D. &. C. 37, 42, 43, as follows:

"That the Pennsylvania Rules of Civil Procedure did not alter the liberality of the courts in granting amendments to the caption appears from the case of Miller et ux. v. Michael Morris, Inc., 361 Pa. 113, in which case the court said, at page 117:

" 'Under Rule 2002 of the Rules of Civil Procedure, the judgment should have been entered in the name of the real party in interest, the Darling McKeesport Corporation. This rule is mandatory and the lower courts have properly enforced this rule in many instances. Under the circumstances of this case, however, the court below properly permitted the "amendment to the pleadings to conform with the provisions of this rule". We will treat it as if it was amended and as if the judgment was so entered.'

"To refuse the amendment in this case would nullify the provisions of R. C. P. 1033 and be contrary to the provisions of R. C. P. 126, which provides as follows:

" 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect or procedure which does not affect the substantial rights of the parties.'

"In the case of Brown v. Hoff, 4 Chester 102, the court refused to strike off a judgment by confession entered in the name of the assignor.

"In Goodrich-Amram Procedural Rules Service §2003-4, the following statement appears:

" 'Rule 2002 requires that every action be brought by the real party in interest. If an action is not brought by the real party in interest, a substitution of parties plaintiff in order to bring the real party in interest upon the record should be permitted before the period of the statute of limitations has expired.' "

Another case which is in our judgment in point is Brown et al. v. Hoff, 4 Chester 102.

And now, June 27, 1955, after argument, and after due and careful consideration, it is ordered, adjudged and decreed that the motions to strike off and vacate the judgment be and the same herewith are dismissed; and the Irwin Savings and Trust Company is given leave to amend, as prayed for. All rights to petition to open the judgment are preserved to James D. and Helene S. Fox.